IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT MUNRO and CHARLES MILLER on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> US LOGISTICS SOLUTIONS INC; TEN OAKS MANAGEMENT, LLC and TOG FAS HOLDINGS LLC <br><br> Defendants. | **Bankruptcy Case No. 24-32884** <br> **Chapter 7** <br> **Adversary Proceeding No.: 24-03128** <br><br><br> **FIRST AMENDED CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |

## FIRST AMENDED CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Plaintiffs Robert Munro and Charles Miller ("Plaintiffs") by and through undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their complaint against Defendants, allege as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

### NATURE OF THE ACTION

3.      This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendants as a single employer of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act"). Although the

Plaintiffs and the Other Similarly Situated Employees were nominally employed by Defendant, US Logistics Solutions Inc., ("USLS"), pursuant to the WARN Act's single employer rule, Ten Oaks Management LLC ("TOM") and TOG FAS Holdings LLC ("TFH" and collectively with TOM, "Ten Oaks Entities") were also the Plaintiffs' and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about June 20, 2024 and thereafter. The Defendants violated the WARN Act by failing to give the Plaintiffs and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act.  As a consequence, the Plaintiffs and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## **PARTIES**

4.  Upon information and belief, Defendant USLS, was, at all relevant times to this action, a Texas corporation which maintained facilities throughout the United States.

5.  Upon information and belief,  USLS has a facility in Humble, TX, (the "Humble Facility"; Atlanta, GA  (the "Atlanta Facility") as well as other facilities (collectively with the Humble Facility, and Atlanta Facility, "the Facilities").

6.  Defendants TOM and TFH are Delaware corporations.

7.  TOM and TFH operated and controlled USLS.

8.  At all relevant times, Defendants each jointly maintained, owned and operated the Facilities.

9. At all relevant times to this action, Plaintiffs Robert Munro was an employee who was employed by Defendants as a single employer and worked at or reported to the Atlanta Facility until his termination without cause on or about June 20 2024.

10. At all relevant times to this action, Plaintiff Charles Miller was an employee who was employed by Defendants as a single employer and worked at or reported to the Humble Facility until his termination without cause on or about June 20, 2024

11. Until on or about June 20, 2024, Plaintiffs and all other similarly situated employees, were employed by Defendants as a single employer and worked at, or reported to, or were assigned work from the Facilities ("Other Similarly Situated Employees").

12. On or about June 20, 2024 and thereafter, Defendants as a single employer ordered the termination of Plaintiffs' employment together with the termination of approximately 2000 other employees who worked at or reported to or were assigned work from the Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

13. On or about June 21, 2024, USLS filed with this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

## SINGLE EMPLOYER ALLEGATIONS

14. Defendants constituted a "single employer" of the Plaintiffs and the other Class members in that among other things:

**Common Ownership**

a. On its website, TOM describes itself and subsidiaries as "a family office exclusively focused on investing in corporate divestitures.

b.  On or about February 11, 2021, Forward Air Solutions agreed to sell its pool distribution to TOM.

c.  In anticipation of this purchase, on February 3, 2021, TOM formed TFH to hold its interest in Forward Air Solutions.

d.  After Ten Oaks Entities purchased Forward Air Solutions, Ten Oaks Entities renamed it US Logistics Solutions LLC and moved the headquarters from Tennessee to Humble, TX.

e.  TFH owns 100% of the equity interests of USLS either directly or indirectly.

f.  TOM owns 100% of the equity interests of TFH either directly or indirectly.

**Common Officers and Directors**

g.  Although there were officers in name at USLS, board meetings and minutes were never kept. Instead, all decisions related to USLS were made by the managing boards of Ten Oak Entities.

h.  Specifically, Andrew Lovrovich, ("Lovrovich") Executive Operating Partner at TOM had no official role at USLS, was not on USLS payroll and did not have a USLS email address.

i.  Despite not having a role at USLS, Lovrovich frequently issued orders and directions to USLS personnel from his @tenoaksgroup.com email address.

**Dependency of Operations**

j.  At all relevant times, USLS was completely dependent on Ten Oaks Entities for its daily operating funds which were provided either directly by Ten Oaks Entities or through financing arranged by Ten Oaks Entities.

k.  Lovrovich regularly communicated with USLS vendors despite having no official role with USLS.

4

l.  Ten Oaks Entities frequently directed decisions relating to pricing and "RIF"s (reductions in force) at USLS.

m.  Specifically, when RIFs were conducted for USLS employees, Lovrovich would first inquire from USLS employees about the cost-benefit analysis as to specific employees and afterwards would send Human Resources emails directing which employees would be subject to the RIF.

**Unity of Personnel Policies**

n.  At all relevant times, all of the Defendants maintained common personnel policies which were put into place by Ten Oaks Entities including payment of wages, as well as a common health care plan all of which was carried out by Ten Oaks Entities.

o.  At all relevant times, all management-level personnel decisions relating to USLS were made by Ten Oaks Entities.

p.  Specifically, Roger Norris was installed as the CEO by Ten Oaks Entities and was removed from his post in August 2023 by Ten Oaks Entities.

q.  Upon information and belief, the decision to order a Plant Closing without providing a WARN notice was made by Ten Oaks Entities on behalf of the Defendants.

**De Facto Control**

r.  Upon information and belief, at all relevant times, Ten Oaks Entities maintained sole control over all critical business decisions made on behalf of the Defendants including decisions relating to Plaintiffs' and the Class's employment and, specifically, the decision to shut down the Facilities without providing WARN notice.

s.  Specifically, on Thursday June 20, 2024, despite having no role in USLS, Lovrovich sent out and conducted two conference calls to announce the immediate closure of USLS. The first

call was with the upper management of USLS, and the second call was with terminal managers across the country.

t.  On June 21, 2024, Ten Oaks Entities by Lovrovich decided to file the Chapter 7 petition on behalf of USLS even though he was not a USLS employee.

u.  Upon information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by Ten Oaks Entities on behalf of the Defendants, as a single employer.

**CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104 (a)(5)**

15.  The Plaintiffs and each person they seek to represent herein, were discharged on or about June 20, 2024 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

16.  The Plaintiffs brings this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about June 20, 2024 and thereafter, who worked at the Facilities until their terminations.

17.  On or about June 20, 2024 and thereafter, Defendants as a single employer terminated the Plaintiffs' employment as part of mass layoffs and/or plant closures which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

18.  Defendants never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closure in violation of the WARN Act.

19.     At or about the time that the Plaintiffs were discharged on or about June 20, 2024 and thereafter, Defendants discharged approximately 2000 other employees at the Facilities (the "Other Similarly Situated Former Employees").

20.     Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Class and for his or her benefit.

21.     Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

22.     The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants as a single employer , without cause on their part.

23.     Each Plaintiff and each of the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

24.     Defendants were required by the WARN Act to give the Plaintiffs and Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

25.     Prior to their termination, neither the Plaintiffs nor Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

26.     Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**

27. The Plaintiffs assert their claims on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

28. The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

29. Common questions of law and fact are applicable to all members of the Class.

30. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class Members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class Members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

31. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

32. The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above.

33. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

34. The Plaintiffs have the time and resources to prosecute this action and have

retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

35. The Class is so numerous as to render joinder of all members impracticable as there are approximately 2000 persons who are included in the Class.

36. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

37. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

39. No litigation concerning the WARN Act rights of any Class member has been commenced in this Court.

40. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

41. On information and belief, the identities of the Class members are contained in the books and records of Defendant.

42. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendant.

43. On information and belief, the rate of pay and benefits that were being paid by

9

Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendant.

44. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

**THE CLAIM FOR RELIEF**

**First Cause of Action: Federal WARN Act**

45. At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

46. At all relevant times, Defendants were each an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order mass layoffs and/or plant closures at the Facilities.

47.     On or about June 20, 2024 and thereafter the Defendants as a single employer ordered "mass layoffs" and/or "plant closures" at the Facilities, as those terms are defined by the WARN Act.

48.     The mass layoffs and/or plant closures at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at each Facility, excluding "part-time employees," as that term is defined by the WARN Act.

49.     The Plaintiffs and each of the other members of the Class were discharged by the Defendants as a single employer without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoff and/or plant closure ordered by the Defendants at the Facilities

50.     The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

51.     The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

52.     The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

53.     The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

54.     The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and

401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

55.     The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A.     An allowed claim against the Defendants in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, The first $15,150.00 of each Class member's allowed WARN Act claim against the Defendants is entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim;

B.     Certification that the Plaintiffs and the other Class members constitute a single class;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

E.     An allowed claim against the Defendants under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

F.     Such other and further relief as this Court may deem just and proper.

Date: July 12, 2024

Respectfully submitted,

*Attorneys for Plaintiffs*

BY:  __/S/ JASON C. WEBSTER__
**WEBSTER VICKNAIR MACLEOD**
JASON C. WEBSTER
SDTX BAR NO. 30910
6200 SAVOY DRIVE, SUITE 150
HOUSTON, TEXAS 77036
713.581.3900 (TELEPHONE)
713.581.3907 (FACSIMILE)
FILING@THEWEBSTERLAWFIRM.COM

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street
8th Floor
New York, NY 10007
O: (212) 581-5005
C: (917) 613-9983

THE GARDNER FIRM, PC
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
(251) 433-8100 (main)
(251) 415-4978 (direct)
(251) 433-8181 (fax)

Cooperating Attorneys for the NLG Maurice and
Jane Sugar Law Center for Economic and Social
Justice